UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIANA REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08 CV 301 |
| ) | |
| GUNITE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion for partial summary judgment (docket # 13) and defendant's related RULE 56 motion to strike (docket # 26). For the reasons set forth below, defendant's motion for partial summary judgment is granted and defendant's motion to strike is denied as moot.

### I. BACKGROUND

On July 31, 2007, plaintiff Diana Reynolds filed a Charge of Discrimination with the EEOC against defendant Gunite Corporation. (Docket # 14-2.) Plaintiff stated:

> I was employed by Gunite Corporation for approximately 10 years. My employment was terminated on July 16, 2007.
>
> Approximately two years ago I was on a medical leave because of my disability. Since that time Mark Nelson, Human Resource Director, has harassed me, allowed me to be harassed and I was put on the night shift. When I report an incident to him he will immediately refer me to Medcor Treatment Center.
>
> On June 1, 2007, I reported an unsafe incident to Mr. Nelson and Carl Welton, Safety Director. Shortly after I made the report sexually explicit pictures were circulated of my male co-workers and a paper was circulated titled "The Top 5 Things We All Love About Gunite.["] The document

> contained insulting and demeaning comments about me and some of my co-workers. When I reported this to Mr. Nelson and asked what was going to be done I was told I didn't need to know and that I should go to Medcor. I have been on medical leave since that time. On July 18, 2007, I received a telephone call from Mr. Nelson stating that my position had been eliminated. It has been the company's practice that if your employment status changes from hourly to salary and your position is eliminated you had the option of going back to an hourly position. I was not given this option.
>
> I believe I have been discriminated against on the basis of my sex, female and retaliation which is in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my disability, which is in violation of the Americans with Disability Act.

(*Id.*) The EEOC issued plaintiff a Dismissal and Notice of Rights on March 21, 2008, indicating that it was unable to conclude that the information obtained in its investigation established a violation of statute and instructing plaintiff that she could file a lawsuit within 90 days if she so chose. (Docket # 14-3.)

Plaintiff filed a *pro se* employment discrimination complaint on June 20, 2008, alleging that she is entitled to relief in this matter because she was "put on social security based soley on Gunite, sexual harassment for years, pain and suffering, denied severance package because I refused to sign my right to sue." (Docket # 1 at 2.) Plaintiff also alleges that she was harmed by "pay being denied, long term medical not paid after being deducted from check, [and] lost vacation pay." (*Id.* at 3.) Under the section of the form complaint entitled "Basis of Claim and Jurisdiction," plaintiff checked the spaces next to every option offered: Title VII of the Civil Rights Act of 1964 ("Title VII"); the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); the Rehabilitation Act; and Title 42, Section 1981. (*Id.* at 1-2.)

Defendant moved for partial summary judgment on: (1) plaintiff's ADEA claim, because plaintiff did not allege age discrimination in her EEOC charge; and (2) plaintiff's Section 1981 claim, because plaintiff has not alleged that she was subjected to racial discrimination. Plaintiff responded,[1] stating that "2 people younger than me was rehired after my job was eliminated"; plaintiff also submitted numerous exhibits related primarily to her medical history and worker's compensation matters. (Docket # 23 at 1.) Plaintiff further stated that she was subjected to "dirty pictures and a letter left on my desk," and suffered emotionally from the harassment she received at Gunite. (*Id.*)

After defendant replied by pointing out the deficiencies in plaintiff's response (docket # 24), plaintiff filed a sur-reply (docket # 25). Plaintiff stated again that two younger individuals were hired after she was terminated, that she complied with the EEOC's procedures, and that "one of the men mentioned in the letter sitting on my desk was black." (Docket # 25 at 1, 2, 4-5.) Defendant moved to strike or limit plaintiff's sur-reply as having been improperly filed without seeking leave from the court to do so. (Docket # 26).

---

[1] Plaintiff's response is actually titled "Plaintiff's Memorandum of Law in Support of its Motion for Full Summary Judgment," and in it plaintiff "moves for full summary judgment on ADEA and Section 1981 claims." (Docket # 23 at 1.) Despite the way plaintiff, who is proceeding in this matter *pro se*, presented her filing, the substance of the document, as well as the substance of the subsequently-filed sur-reply (docket # 25) make it clear that plaintiff did not intend to move for summary judgment on the ADEA and Section 1981 claims, but rather she intended to oppose defendant's motion for summary judgment on the same.

## II. LEGAL STANDARD

The FEDERAL RULES OF CIVIL PROCEDURE mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). RULE 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe*, 42 F.3d at 443.

4

## III. DISCUSSION

### A. *Plaintiff's ADEA Claim*

Defendant first argues that it is entitled to summary judgment on plaintiff's ADEA claim because plaintiff failed to raise the issue of age discrimination in her EEOC charge. The Seventh Circuit has held that "[i]n order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003). Thus, generally, a plaintiff cannot raise new claims in a lawsuit that were not included in her EEOC charge. *Teal v. Potter,* 559 F.3d 687, 691 (7th Cir. 2009). However, a plaintiff may litigate claims which are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Id.* at 691-92 (internal quotation marks omitted, alteration in original). "[I]n order for claims to be deemed related, the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* (internal quotation marks omitted).

Defendant argues correctly that plaintiff did not check the box for age discrimination on her EEOC charge. However, the court is to look to the substance contained in the EEOC charge, not necessarily whether plaintiff placed a check mark in the correct box. *Bilal v. Rotec Indus., Inc.,* No. 06-2143, 2009 WL 1687687, at *2 (7th Cir. June 12, 2009); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168 (7th Cir. 1976). Nonetheless, the substance plaintiff provided in her EEOC charge is of no help to her in this circumstance. Plaintiff's assertions do not alert the EEOC or the defendant of the

5

possibility of an age discrimination claim. Nowhere in the narrative contained in plaintiff's charge does she suggest that she was subjected to any discrimination based on her age. Further, neither plaintiff's complaint nor any of plaintiff's filings or exhibits related to the present motion for summary judgment describe any facts related to age discrimination except for plaintiff's assertion in her response brief that "2 people younger than me was rehired after my job was eliminated, which I was qualified to do." (Docket # 23 at 1.) In her sur-reply, plaintiff points to this statement as proof that she timely presented her ADEA claim to the EEOC. (Docket # 25 at 4.) However, plaintiff must provide notice via the EEOC charge as to the possibility of the claim, not via her response brief filed with the court 17 months after she filed her EEOC charge.

There is also no indication that any age discrimination claims are like or reasonably related to any of the allegations she does make in the charge. Plaintiff does not indicate what time period or individuals were involved in the alleged age discrimination, making it impossible to tell if plaintiff's alleged age discrimination claim involves the same time period or individuals as plaintiff's sexual harassment and disability discrimination claims. Because plaintiff did not raise an age discrimination claim in her EEOC charge and her age discrimination claim is not like or reasonably related to the allegations contained in the charge, she may not pursue an age discrimination claim in this case. "If [plaintiff] thought she had been subject to age discrimination too, she could have, and should have, said so in her charge." *Ajayi*, 336 F.3d at 528.

6

B. *Plaintiff's Section 1981 Claim*

Defendant also argues that it is entitled to summary judgment on plaintiff's Section 1981 claim because plaintiff has failed to allege discrimination based on race. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To establish a claim under Section 1981, plaintiff must show that: (1) she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.,* the making and enforcing of a contract). *Morris v. Office Max, Inc.,* 89 F.3d 411, 413-14 (7th Cir. 1996). "[S]ome showing of differential treatment on the basis of race is a necessary element of a claim under [Section 1981]." *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1119 (7th Cir. 1992).

Plaintiff does not allege in her complaint, does not argue in her filings, and has not provided any evidence indicating that she received differential treatment on the basis of race. Plaintiff's sole reference to race appears in her sur-reply, where she states that "one of the men mentioned in the letter sitting on my desk was black." (Docket # 25 at 4-5.) This statement was not made in plaintiff's complaint but rather in a brief. Nonetheless, even if the court considered the statement an allegation, and even if the court construed the statement to mean that the harassing letter she received was sent by

7

a black man, her allegation would be insufficient to survive summary judgment on her Section 1981 claim for two reasons.

First, plaintiff has not even alleged her own racial background, making it impossible to determine whether she could establish the first element of her Section 1981 claim – that the plaintiff is a member of a racial minority. While this element may be modified when the plaintiff is actually a member of a majority group, *see Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 821 (7th Cir. 2006), in this case the court is simply unable to tell if the traditional or the modified test is appropriate and whether plaintiff's claim would survive under either one because plaintiff has not set forth sufficient allegations of her racial background and how it forms the basis of the discrimination she has been subjected to.

Second, even if plaintiff had alleged that one of her harassers was black, the mere statement of an individual's race is insufficient to form the basis of a Section 1981 claim. *See Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985). Plaintiff's allegations and arguments do not demonstrate or even imply that the letter was left on her desk because of her race. (*See* docket # 23 at 1 (referring to "dirty pictures and a letter left on my desk"); docket # 25-2 at 5 (EEOC letter discussing "one-page diatribe against management that also referred to you as 'bird legs' and accused you of being lazy; and two cartoons illustrating male supervisors or co-workers in various sex acts"); docket # 25-2 at 8 (letter from plaintiff to Gunite representative stating "You called the pictures and letters 'shoptalk.' . . . Dirty pictures was posted on the bulletin boards for years

concerning other people. Dirty pictures was put on other people's desks. . . . Ask each one of them how long they have worked there and how many pictures and letters they saw over the years.") Without any showing of "differential treatment *on the basis of race*," plaintiff's Section 1981 claim lacks a necessary element and defendant is entitled to summary judgment on that claim. *Rush,* 966 F.2d at 1119 (emphasis added).

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment (docket # 13) is **GRANTED** as to plaintiff's ADEA and Section 1981 claims. Defendant's RULE 56 motion to strike or limit plaintiff's sur-reply is **DENIED** as moot. Because other claims remain pending in this case, the court withholds entry of final judgment.

**SO ORDERED.**

DATED: August 31, 2009

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT