UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DIANA REYNOLDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08 CV 301 |
| GUNITE CORPORATION, | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on defendant's second motion for summary judgment. (DE # 49.) Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine,* 605 F.3d 451, 460 (7th Cir. 2010).

In this case, defendant argues that plaintiff's claims should be dismissed because they were discharged during defendant's Chapter 11 bankruptcy proceedings. There appears to be no question that defendant filed bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. § 1101 *et seq.*, and that defendant's bankruptcy proceedings were governed by Chapter 11 of the Code. (*See, e.g.,* Def.'s Mot. for Summ. J., Ex. A.) However, defendant's brief in support of its motion for summary judgment, as well as its reply brief, cite to provisions of Chapter 7 of the Bankruptcy Code in an

attempt to justify summary judgment in its favor. (*See, e.g.,* Def.'s Memo. 6; Def.'s Reply 1.) Corporate entities do not receive a bankruptcy discharge under Chapter 7 of the Bankruptcy Code. 11 U.S.C.A. § 727(a)(1) ("The court shall grant the debtor a discharge, unless . . . the debtor is not an individual."). The provisions cited by defendant are inapplicable to its own bankruptcy proceedings and therefore to this motion for summary judgment.

In short, defendant has failed to meet its burden on its motion for summary judgment to demonstrate that it is entitled to judgment as a matter of law. The court will not scour the Bankruptcy Code to locate legal support for defendant's own motion. Defendant's motion (DE # 49) is **DENIED**. Both parties are free to file any further dispositive motions by November 11, 2011.

Plaintiff has also filed a "Motion for Settlement." (DE # 57.) This filing does not constitute a motion at all, nor is it a settlement agreement. Rather, it appears to represent plaintiff's demand for a settlement with defendant. Defendant has responded to the filing, indicating that no settlement agreement has been reached. The court cannot effectuate a settlement for the parties based on the motion of one party, so plaintiff's motion (DE # 57) is **DENIED.**

                              **SO ORDERED.**

Date: August 12, 2011

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT