UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIANA REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08 CV 301 |
| ) | |
| GUNITE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

This matter is before the court on defendant's third motion for summary judgment. (DE # 62.) For the reasons set forth below, the motion is granted.

**I. BACKGROUND**

In 2007, plaintiff Diana Reynolds filed a Charge of Discrimination with the EEOC against defendant Gunite Corporation, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); the Rehabilitation Act; and Title 42, Section 1981. (*Id.* at 1-2.). (DE # 14-2.) After the EEOC issued plaintiff a Dismissal and Notice of Rights, plaintiff filed a *pro se* employment discrimination complaint with this court on June 20, 2008. (DE # 1.) Defendant moved for partial summary judgment on plaintiff's ADEA and Section 1981 claims, and the court granted that motion on August 31, 2009. (DE # 30.)

On October 8, 2009, Accuride Corporation, of which defendant is a domestic corporate entity, filed a bankruptcy petition to commence its Chapter 11 case, Case No.

09–13449, in the U.S. Bankruptcy Court for the District of Delaware. (*See* DE # 51-1 at 1.)[1] The Bankruptcy Court established November 30, 2009, as a bar date for filing proofs of claim against defendant and the other debtors involved in the case. (DE # 51-4.) It is undisputed that plaintiff did not file a proof of claim in the bankruptcy case with regard to the present discrimination suit. On February 18, 2010, the Bankruptcy Court confirmed the debtors' Third Amended Joint Plan of Reorganization. (DE # 51-1, 51-2, 51-3.) The Plan discharged the debtors, including defendant, from claims that arose before the confirmation date (DE # 51-8 at 13) and enjoined the prosecution of any discharged claims (*id.* at 14).

On September 8, 2011, defendant filed the present motion for summary judgment (DE # 62), arguing that plaintiff's claims were discharged pursuant to the Bankruptcy Court's confirmation of defendant's Chapter 11 Plan. On November 10, 2011, plaintiff filed a "Motion for Trial" (DE # 64), which the court construes as a response to the motion for summary judgment, claiming that she did not file a proof of claim with the bankruptcy court because defendant's lawyers told her not to return the papers mailed to her to the bankruptcy court. Defendant replied on November 28, 2011 (DE # 65), pointing out that plaintiff's response was filed over one month past the deadline provided by the Local Rules of this district and that plaintiff does not dispute that her

---

[1] The court takes judicial notice of the events occurring in the bankruptcy proceedings pursuant to FED. R. EVID. 201. *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) ("The district court may also take judicial notice of matters of public record.").

2

claim arose before the date of the Plan's confirmation or that she failed to file a proof of claim before the bar date. The motion is now fully briefed and ripe for review.

## II. STANDARD OF REVIEW

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

"[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th

3

Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

### III. DISCUSSION

Defendant argues that it is entitled to summary judgment on plaintiff's claim because the Bankruptcy Court discharged plaintiff's claims when it confirmed the Plan. As stated in the United States Code, "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not . . . a proof of the claim based on such debt is filed or deemed filed under section 501 of this title." 11 U.S.C. § 1141(d).

In this case, plaintiff has alleged that the actions on which her claims are based began approximately two years before her termination in July of 2007. (DE # 14-2.) Plaintiff sued on these actions on June 20, 2008. (DE # 1.) It is undisputed that the Bankruptcy Court confirmed the Third Amended Joint Plan of Reorganization on

4

February 18, 2010. (DE # 51-1, 51-2, 51-3.) Given these undisputed facts, it is clear that plaintiff's claims against defendant arose before the Bankruptcy Court confirmed the Plan. Accordingly, plaintiff's claims were discharged when the Plan was confirmed by the Court, and summary judgment for defendant is appropriate.

The Plan also permanently enjoined the holder of any discharged claim from the "commencement or prosecution by any Person or Entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, or liabilities released pursuant to the Release set forth in the Plan." (DE # 51-2 at 32.) Accordingly, summary judgment is also appropriate on plaintiff's claims because the Plan discharged those claims and permanently enjoined plaintiff from pursuing her claims against defendant. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001) (creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge).

Plaintiff essentially argues that defendant's bankruptcy proceedings should not bar her claim because the bankruptcy proceedings were flawed. Specifically, plaintiff states that defendant's attorneys told her "not to return the papers mailed to me to the bankruptcy court." (DE # 64.) Whether defendant's attorneys behaved improperly during bankruptcy proceedings is not an issue before this court. If plaintiff wishes to reopen bankruptcy proceedings, she must look first to the bankruptcy court. *Gagan v. Am. Cablevision, Inc.*, 77 F.3d 951, 968 (7th Cir. 1996); *Parrillo v. Reilly,* 59 Fed. Appx. 129,

5

*3 (7th Cir. 2003) (litigant's concerns about how underlying bankruptcy case was handled should be addressed through bankruptcy appeal, not in civil suit).

For the foregoing reasons, defendant's motion for summary judgment (DE # 62) is **GRANTED**, and plaintiff's "motion for trial" (DE # 64) is **DENIED**. The Clerk is directed to **ENTER FINAL JUDGMENT,** stating:

> Judgment is entered in favor of Defendant Gunite Corporation and against Plaintiff Diana Reynolds, who shall take nothing by way of her complaint.

                                            **SO ORDERED.**

Date: July 25, 2012

                                s/ James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT